### WARING *v.* SUYDAM and others.

Matter repeated in an answer is impertinent.

A defendant who assumes to answer the whole of a bill of discovery cannot stop short and submit to the court whether he is bound to answer particular parts. Such submission will be adjudged impertinent. In order to protect himself he should demur to such parts and properly, in form, answer only to the remaindor.

An exception for impertinence, which covers more than should be expunged, makes the whole exception nugatory.

A clause in an answer, although somewhat argumentative and prolix, will not be deemed impertinent where it may have a bearing on costs.

A defendant who submits to answer a bill of discovery generally, cannot, by answer, protect himself from discovery by insisting that matters in the bill are impertinent and the complainant has no right to the discovery. If the proposed discovery is such that the defendant is not bound to make it or the complainant has not a right, from the nature of the case, to call for, the defendant should demur or if the discovery, when made, would be immaterial and unnecessary as evidence, the defendant may refer the bill for impertinence.

*July* 8, 1844.

*Pleading.
Answer.
Exceptions.
Impertinence.
Insufficiency.
Bill of discovery.*

*Dec.* 10, 1844.

CASE of exceptions to a master's report, having reference to exceptions taken to an answer to a bill of discovery.

The opinion of the court sufficiently illustrates the points reported, without necessity of any reference to the pleadings.

Mr. *Greig*, for the defendant and in support of the exception taken to the master's report.

Mr. *Cowles*, for the complainant.

THE VICE-CHANCELLOR:—We have here twenty-one exceptions taken to the answer: twelve of them for impertinence and nine for insufficiency—and as to those for impertinence, eight have been allowed by the master, namely, the second, third, fifth, sixth, seventh, ninth, tenth and eleventh exceptions. And exceptions to the report in respect to the allowance of the third, sixth, seventh, ninth and tenth. As to those taken for insufficiency, six were allowed, namely, the thirteenth, fifteenth, sixteenth, seventeenth, eighteenth

and nineteenth; and the report is excepted to in respect to the allowance of each one of these.

As to the third exception (for impertinence.) I consider that it was properly allowed by the master, on the ground that the same thing, in substance, is previously set up in the answer and again in the latter part of the same pleading. It is against the rules of good pleading to stuff the answer with repetitions and immaterial suggestions. The matter of this exception seems to be of that character.

The sixth and a part of the seventh and the matter of the ninth exception (all, also, taken for impertinence) appear to be improper and useless in an answer to a bill of discovery. If it were a bill for relief, as well as discovery, there might be no impropriety in submitting such points or matters to the court as grounds for not granting relief even upon a full discovery being made, but where the object is discovery merely and the discovery is fully made, it is certainly useless for the party to insist and to submit to the court that the inquiries made of him are impertinent and such as the party filing the bill has no right to make; and if he has not answered to those matters at all or only to a partial extent and would protect himself against answering particular parts of the bill, he should demur to those parts distinctly and not, after assuming to answer the whole and every part of the bill, stop short and submit to the court that he is not bound to answer fully every thing required by the bill. For these reasons, I think the master decided correctly in allowing the sixth and ninth exceptions. And a part of the seventh exception down to the beginning of the twenty-second folio stands upon the same footing But the remainder of what is comprised in the seventh exception on the twenty-second folio seems to me as not being impertinent but responsive to the bill; and why it should have been included in the seventh exception, being part of another paragraph, I am at a loss to understand. As the seventh exception covers more than ought to be expunged from the answer, although well taken as to part, the whole must be allowed: because an exception for impertinence cannot be allowed in part and disallowed in part.

The tenth exception (likewise for impertinence) should in

my opinion, have been disallowed, instead of being allowed by the master. Although it is a clause couched in terms rather argumentative, yet it is a sort of general traverse or denial, which may have some bearing on the question of costs; and as it is not a very prolix matter, there is some propriety, at least, in letting it remain.

With respect to the exceptions for insufficiency, being the thirteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth allowed by the master: they all depend on one principle; and must stand or fall together—for it is conceded that the bill calls for the discovery which the exceptions aim at; and that the answer has not given it: the defendants seeking to protect themselves from answering these particulars of the bill, by insisting, in the answer, that the matters are impertinent and that the complainant has no right to a disclosure of the transactions of the defendants in those matters of business with which the complainants had no concern.

This appears to me not to be a case in which defendants can protect themselves from answering fully, by taking an objection in the answer and by way of answer. As a general rule, the defendants having submitted to answer generally and not to answer a part or parts of the bill, taking care to cover other parts by a plea or demurrer, are bound to go on and answer fully every material allegation of the bill and all the interrogatories founded on the allegations and charges. And the defendants have not, in this instance, brought themselves within any exception to this rule: see *Bank of Utica* v. *Mersereau,* 7 Paige's C. R. 517. If the discovery called for is of such a character that the defendants are not bound to make it or the complainant is not, from the nature of the case, entitled to call for it, the defendants should have demurred or, if the discovery, when made, will be entirely immaterial or unavailing to the complainant as evidence, the defendants might have referred the bill for impertinence. But it appears to me that it is not immaterial if true; and, from the nature and character of the business which has given rise to this controversy, it is just such a a disclosure, in all its particulars, as the complainant is entitled to have made. I must, therefore, hold the master's

decision to be correct in allowing the six exceptions for insufficiency.

Order, that the exceptions of the defendant to the master's report, in respect to the allowance of the third, sixth and ninth exceptions to the answer, for impertinence, be overruled; that the exceptions to the report in respect to the master's allowance of the seventh and tenth exceptions for impertinence be allowed; and that the master's report stand corrected accordingly. And that the clerk expunge the matters of the third, sixth and ninth exceptions now finally allowed and also of the second, fifth and eleventh, allowed by the master and submitted to. And further, that the defendant's exceptions to the master's report, in respect to the allowance of the thirteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth exceptions for insufficiency be overruled and that the defendants answer further on the matters embraced by such exceptions; that the defendants pay the complainants' costs of the twelve exceptions on which he has finally succeeded to be taxed, but not to include any costs of the reference—as to which, each party is to bear his and their own; and that the defendants also pay the complainants their costs on the hearing of the exceptions to the master's report, but not to exceed ten dollars—and the whole to be included in one bill of costs.